IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM H. GILLIAM,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>THE HONORABLE KATHLEEN N.A. WATANABE and DAVID LAM,<br><br>　　　　　　Defendants. | Civ. No. 20-00201 JMS-RT<br><br>ORDER GRANTING MOTIONS TO DISMISS, ECF NOS. 20 & 28, AND DENYING MOTION FOR LEAVE TO AMEND, ECF NO. 39 |

## ORDER GRANTING MOTIONS TO DISMISS, ECF NOS. 20 & 28, AND DENYING MOTION FOR LEAVE TO AMEND, ECF NO. 39

### I. INTRODUCTION

The court considers two motions to dismiss pro se Plaintiff William H. Gilliam's ("Plaintiff" or "Gilliam") Complaint—the first motion is by Defendant David Lam ("Lam"), ECF No. 20, and the second motion is by Defendant The Honorable Kathleen N.A. Watanabe ("Judge Watanabe"), ECF No. 28. After Gilliam filed his opposition to the motions to dismiss, he filed a "Motion for Leave to File Recast First Amended Complaint" ("Motion to Amend"), ECF No. 39, which the court indicated it would analyze in conjunction with the two motions to dismiss. *See* ECF No. 41.

1

Based on the following, the motions to dismiss are GRANTED with prejudice. The Motion to Amend is DENIED because further amendment would be futile.

## II. BACKGROUND

### A. Factual Background

Gilliam's Complaint alleges that he owns an interest in and resides at the Kuhio Shores at Poipu, a condominium on Kauai. ECF No. 1 at PageID #1-2. The precise source of his alleged ownership interest is unclear from the Complaint but apparently stems from his mother's estate and stock in an unspecified "Hawaii corporation involuntarily administratively dissolved in December, 2012." *Id.* at PageID #1. Judge Watanabe is a State of Hawaii Circuit Judge of the Fifth Circuit on Kauai, and Lam is a court administrator with that court. *Id.* at PageID #2.

The Complaint alleges that "as a result of a dispute with the [condominium association] governing the property, such [association] in its effort to suppress the rights of the plaintiff, and foreclose its claimed lien, [Judge Watanabe] appointed a receiver of the dissolved company usurping the judicial function of the Court and to determine title and then immediately sell the property

and dispossess plaintiff." *Id.* at PageID #2-3 (citing "Hawaii Fifth Circuit Docket 16-00063").[1]

Gilliam alleges that "[t]he State court has failed to obtain jurisdiction of the plaintiff by any means as the real party in interest . . . in any manner that satisf[ies] the requirements as provided in the United States Constitution of due process and equal protection of the laws." *Id.* at PageID #3. He claims he "has been given no opportunity for hearing," and has "claims and choses in action against the parties plaintiff and cross claims against the parties defendants that will be taken, diminished, and lost by the foregoing process." *Id.* He alleges that "the Clerk has refused to allow the Plaintiff access to the State of Hawaii electronic filing system to appear, monitor and file acts of the Court[.]" *Id.* And he claims that the condominium association "by the Defendant's orders will seize and sell all

---

[1] The docket of the state court case, *AOAO of Kuhio Shores etc. v. Pacific Rim etc. et al.*, Civil No. 5CC161000063 (Haw. 5th Cir. Ct.), is set forth at ECF No. 28-3. The court refers to that action as the "State Action." The State Action has apparently been stayed at the trial court level due to a bankruptcy filing, *see* ECF No. 28-2 at PageID #195, although an appeal of a denial of Plaintiff's motion to intervene in that action is pending in the Hawaii Intermediate Court of Appeals ("ICA"). *See* ECF Nos. 22-1, 28-4. The ICA found no applicable bankruptcy stay that would prevent it from proceeding with the appeal. *See* ECF No. 22-1 at PageID #159.

The court takes judicial notice of these state court proceedings. *See, e.g.*, *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (reiterating that a court "may take [judicial] notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (citation omitted); *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (allowing a court to take judicial notice of documents that "necessarily form the basis of the complaint," and to consider them at a motion-to-dismiss stage).

the property interests of Plaintiff in violation of several express provisions of the United States Constitution[.]" *Id.* at PageID #4.

Based on the allegations that his property interests are being taken, Gilliam makes federal claims for violations of 42 U.S.C. §§ 1981, 1983 & 1985 "to protect and defend the civil rights and property interests of Plaintiff," "free from impairment," "and, any actions by others acting under color of state law." ECF No. 1 at PageID #4. The Complaint seeks as relief "a declaration of such right title and interest in and to the . . . dissolved company and its assets," and "injunctive relief . . . fully protecting the plaintiff's interests both individually and as Personal Representative." *Id.* It does not seek damages, only declaratory and injunctive relief.

Shortly after filing his Complaint, Gilliam filed a Motion for Temporary Restraining Order ("TRO") seeking "to restrain the execution of a Writ of Possession against Plaintiff for [the condominium that he is occupying] . . . and any attempt to take possession or to sell the premises, including any further acts in furtherance of any such writ, sale, or taking as may appear in the Court's file and docket Fifth Circuit Civil 16-00063." ECF No. 11 at PageID #19.

The court, however, denied that Motion for TRO as moot because Gilliam had obtained the relief he sought from the ICA in his appeal in the State

Action.  *See* ECF No. 22.  In particular, in an appeal of a denial of Gilliam's motion to intervene, the ICA ordered that "the Writ of Possession and Order to Sell, both entered on October 2, 2019, by the Circuit Court of the Fifth Circuit, are stayed as against Gilliam in his personal capacity, pending this court's final decision in this appeal, and absent further order by this court."  ECF No. 22-1 at PageID #163.  The ICA explained that "the Writ of Possession and, by reference, the Order to Sell specifically commands the removal of Gilliam, in his personal capacity, from the Property.  However, Gilliam was never made a party to the underlying foreclosure action."  *Id.* at PageID #161-62.  The state trial court had "denied Gilliam's motion to intervene in the underlying foreclosure action," *id.* at PageID #160, which is the subject of Gilliam's appeal.  The ICA reasoned that

> [I]f the Writ of Possession and Order to Sell are enforced against Gilliam pending the decision on appeal, the Property will be taken out of his possession and put in the possession of [court-appointed] receiver, who has been authorized to sell the Property.

*Id.* at PageID #162.  That appeal remains pending before the ICA.

**B.     Procedural Background in this Court**

Plaintiff filed his Complaint on May 1, 2020.  ECF No. 1.  Lam filed his motion to dismiss on May 28, 2020, ECF No. 20, and Judge Watanabe filed her motion to dismiss on June 18, 2020, ECF No. 28.  Plaintiff filed his "Resistance to

Defendan[t]s' Watanabe and Lam['s] Motion to Dismiss" ("Opposition") on July 21, 2020.  ECF No. 36.  Defendants filed a Reply on July 27, 2020.  ECF No. 38.  Plaintiff filed his Motion to Amend on July 29, 2020.  ECF No. 39.  The court decides the matters without a hearing under Local Rule 7.1(c).

### III.  DISCUSSION

**A.   The Court Abstains Under *Younger v. Harris*, 401 U.S. 37 (1971)**

Both Defendants argue that the court should abstain under *Younger*.  *See* ECF No. 20-1 at PageID #109; ECF No. 28-1 at PageID #186.  Under *Younger*, "federal courts sitting in equity cannot, absent exceptional circumstances, enjoin pending state criminal proceedings."  *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014).  After *Younger* was decided in 1971, it was extended to a "limited category of state civil cases."  *Rynearson v. Ferguson*, 903 F.3d 920, 924 (9th Cir. 2018) (citations omitted) (describing history).  *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69 (2013), clarified that *Younger* is limited to "three 'exceptional' categories," *id.* at 78.  "Those cases are: (1) 'parallel, pending state criminal proceeding[s],' (2) 'state civil proceedings that are akin to criminal prosecutions,' and (3) state civil proceedings that 'implicate a State's interest in enforcing the orders and judgments of its courts.'"  *ReadyLink*, 754 F.3d at 759 (quoting *Sprint*, 571 U.S. at 72-73).  *Sprint* also described the third

category as "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." 571 U.S. at 73 (quoting *New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350, 367-68 (1989)).

That is, outside the purely criminal context, "*Younger* abstention is appropriate only when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges." *ReadyLink*, 754 F.3d at 759 (citing *Sprint*, 571 U.S. at 80-82). The qualifying civil proceedings, for example, "relate to the state courts' ability to enforce compliance with judgments already made." *Cook v. Harding*, 879 F.3d 1035, 1041 (9th Cir. 2018). *ReadyLink* gave instances of "'[c]ore' orders [that] involve the administration of the state judicial process," 754 F.3d at 759, such as "an appeal bond requirement, a civil contempt order, or an appointment of a receiver." *Id.* (internal citations omitted).

"If these four threshold elements are established [courts] then consider a fifth prong: (5) 'whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to *Younger* applies.'" *Rynearson*, 903 F.3d at 924-25 (quoting *ReadyLink*, 754 F.3d at 759).

Here, the State Action fits into a narrow category of cases to which this court should abstain—that is, *Younger* applies. The State Action that denied Gilliam an opportunity to intervene (allegedly, in violation of his constitutional rights) was "ongoing" when this suit was filed and is pending in the ICA. Indeed, the ICA has granted Gilliam's motion to stay enforcement of the orders of Judge Watanabe (Writ of Possession and Order appointing and authorizing the receiver to sell the property) that would eject him from the property—the very relief Gilliam had sought in his earlier Motion for TRO in this court. The State Action implicates important state interests (court operations and ability to enforce its judgments) and allows Gilliam to raise constitutional defenses. And much of the relief Gilliam seeks—an injunction preventing the State court from enforcing its foreclosure judgment, and invalidating the orders appointing and allowing the receiver to sell the property—involve "'[c]ore' orders [that] involve the administration of the state judicial process," *ReadyLink*, 754 F.3d at 759.[2] The order appointing and instructing the receiver to sell the property "relate[s] to the state courts' ability to enforce compliance with judgments already made." *Cook*, 879 F.3d at 1041; *see*

---

[2] Additionally, to the extent the Complaint could be asking this court to require Lam, as an administrator of the Fifth Circuit Court on Kauai, to allow Plaintiff (as a pro se litigant during a pandemic) to have access to the state court electronic filing system, *see* ECF No. 1 at PageID #3, the Complaint also implicates "orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint*, 571 U.S. at 73.

*also ReadyLink*, 754 F.3d at 759 (giving "an appointment of a receiver" as an example of a "core order"). An injunction "would have the practical effect of enjoining the state proceedings," and no "exception to *Younger* applies." *ReadyLink*, 754 F.3d at 759[3]

In short, this court should abstain in favor of proceedings in the State Action. And because the suit does not seek damages, the court dismisses this action rather than staying it. *See Gilbertson v. Albright*, 381 F.3d 965, 981 (9th Cir. 2004) ("When an injunction is sought and *Younger* applies, it makes sense to abstain, that is, to refrain from exercising jurisdiction, *permanently* by dismissing the federal action because the federal court is only being asked to stop the state proceeding.").

### B.  Judge Watanabe has Absolute Immunity and Section 1983 Precludes Injunctive Relief for her Judicial Decisions

Even if the action is not barred by *Younger*, Judge Watanabe has immunity under common law (for damages) and 42 U.S.C. § 1983 (for injunctive relief). It is long-established that "[j]udges and those performing judge-like

---

[3] In considering whether an exception to *Younger* applies, "[t]he Court must examine whether the state proceeding is characterized by bias, bad faith, harassment, or some other extraordinary circumstances that would make abstention inappropriate." *Morning Hill Foods, LLC v. Hoshijo*, 259 F. Supp. 3d 1113, 1125 (D. Haw. 2017) (citation omitted). Here, there is no indication of bad faith, bias, harassment, or other such extraordinary circumstance.

functions are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). This immunity extends "even when such acts are in excess of their jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). *See, e.g.*, *Sadoski v. Mosley*, 435 F.3d 1076, 1079 (9th Cir. 2006) (reasoning that "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority") (quoting *Stump*, 436 U.S. at 356).[4]

This judicial immunity precludes any "damage liability" against Judge Watanabe, and such immunity is an immunity from suit, not just from ultimate assessment of damages. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991). But this common law immunity does not specifically "preclude a court from granting declaratory or injunctive relief." *Moore v. Urquhart*, 899 F.3d 1094, 1104 (9th Cir. 2018) (citing *Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984)). Nevertheless, Congress extended judicial immunity by statute by amending § 1983 in 1996 "to limit the circumstances in which injunctive relief may be granted against judges." *Id.* Specifically, § 1983 provides:

---

[4] Quasi-judicial immunity would also apply to Lam. *See, e.g.*, *see In re Castillo*, 297 F.3d 940, 952 (9th Cir. 2002) (holding that quasi-judicial immunity extends to "court clerks and other non-judicial officers for purely administrative acts . . . [that] are actually part of the judicial function"). In any event, it is unclear what relief Plaintiff seeks from Lam. Plaintiff's allegations appear directed only at judicial rulings of Judge Watanabe. That is, the Complaint otherwise fails to set forth a factual basis for a claim against Lam.

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, *except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.*

(Emphasis added.)

The emphasized language is directly on point, and Gilliam's Complaint does not allege that "a declaratory decree was violated or that declaratory relief was unavailable." Indeed, he has sought relief through the state appellate process—and appears to have obtained at least interim declaratory relief from the ICA. *See, e.g.*, *Agbannaoag v. Honorable Judges of Circuit Ct. of First Cir. of Haw.*, 2013 WL 5325053, at *3 (D. Haw. Sept. 20, 2013) ("Declaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order [in state court].") (quoting *La Scalia v. Driscoll*, 2012 WL 1041456, at *7 (E.D.N.Y. Mar. 26, 2012)).[5]

---

[5] Gilliam's opposition briefly appears to invoke a "prospective declaratory relief" exception to immunity for judges. ECF No. 36 at PageID #272. *See, e.g., Justice Network Inc.*
(continued . . . )

## C. The Motion to Amend is Futile

Gilliam's proposed amended complaint repeats the allegations regarding his alleged property interest and the rulings of Judge Watanabe in appointing a receiver to sell the property, and would re-allege the same claims against Judge Watanabe and Lam, seeking injunctive relief "fully protecting the plaintiff's interests." ECF No. 39-1 at PageID #291. Because the same grounds for dismissal analyzed above would apply to the proposed amended complaint, the Motion to Amend in this regard is futile.

Gilliam's proposed amended complaint would also add the court-appointed receiver, George Robinson, as a defendant. It proposes to assert claims for damages against Robinson under the civil Racketeering and Corrupt Practices Act ("RICO"), 18 U.S.C. § 1961 et seq., and for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a et seq. *See* ECF No. 39-1 at PageID #289-90. But such an amendment would also be futile because Robinson, as a court-appointed receiver, would have absolute or quasi-judicial immunity. *See, e.g.*, *Mendoza Aquino v. Deutsche Bank Tr. Co. Americas*, 2019 WL 5789846, at

---

*v. Craighead Cty.*, 931 F.3d 753, 763 (8th Cir. 2019) ("Currently, most courts hold that the amendment to § 1983 does not bar declaratory relief against judges.") (citations omitted). But Gilliam does not seek any "prospective" declaratory relief. Rather, he seeks to invalidate *past* judicial rulings. The relief is barred. *See id.* at 764 ("A complaint seeking a declaration of past liability against a judge instead of future rights does not satisfy the definition of declaratory judgment and renders declaratory relief unavailable.") (editorial marks and citation omitted).

\*3 (D. Haw. Nov. 6, 2019) ("Commissioner Minatodani, as a court-appointed foreclosure commissioner, acted as an arm of the court and served a function essential to the judicial process and so is entitled to [quasi-judicial] immunity.") (citations omitted).[6]

Accordingly, the Motion to Amend is DENIED. *See, e.g.*, *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) ("Although leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile.").

///

///

///

---

[6] In assessing whether to allow an amended complaint to add a new defendant and new cause of action, a plaintiff must satisfy Federal Rule of Civil Procedure 20, governing joinder of parties. *See, e.g.*, *Tylor v. Marriott Int'l, Inc.*, 2014 WL 12600833, at \*2 (D. Haw. Nov. 12, 2014). "Rule 20(a)(2) allows joinder of defendants only if the following two requirements are met: (1) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact common to all defendants will arise in the action." *Id.* (citations omitted). The proposed claims against Robinson do not appear to meet Rule 20(a)(2)'s requirements; rather, at most, they should be brought in a separate lawsuit, especially now that the original Defendants have been dismissed with prejudice. *See, e.g.*, *Jossy v. Hawaii*, 2019 WL 2292074, at \*8 (D. Haw. May 29, 2019) ("Unrelated claims that involve different defendants must be brought in separate lawsuits.") (citations omitted). But a separate suit would fail for the same reason that amending this suit is futile—the receiver's quasi-judicial immunity.

13

## IV.  **CONCLUSION**

For the foregoing reasons, Defendants' Motions to Dismiss, ECF Nos. 20 and 28, are GRANTED.  The action is DISMISSED with prejudice.  The Motion to Amend, ECF No. 39, is DENIED as futile.  The Clerk of Court is instructed to close the case file.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, September 1, 2020.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Gilliam v. Watanabe, et al.*, Civ. No. 20-00201 JMS-RT, Order Granting Motions to Dismiss, ECF Nos. 28 & 28, and Denying Motion for Leave to Amend, ECF No. 39